11-1025-cv
Cristofaro v. Lake Shore Cent. Sch. Dist.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of April, two thousand twelve.

PRESENT: ROBERT D. SACK,
REENA RAGGI,
CHRISTOPHER F. DRONEY,
*Circuit Judges*.

-------------------------------------------------------------------------
CORRINE CRISTOFARO,
*Plaintiff-Appellant*,

v.                                                    No. 11-1025-cv

LAKE SHORE CENTRAL SCHOOL DISTRICT, TERRANCE REDMAN, as Aider and Abettor,
*Defendants-Appellees*.
-------------------------------------------------------------------------

FOR APPELLANT:        Lindy Korn, Charles L. Miller, II, Law Office of Lindy Korn, Buffalo, New York.

FOR APPELLEES:        Teresa Bair, Harris Beach PLLC, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 14, 2011, is AFFIRMED.

Plaintiff Corrine Cristofaro, a former teacher at Lake Shore High School, appeals an award of summary judgment for defendants Lake Shore Central School District, her former employer, and Terrance Redman, her former supervisor, on her federal and New York State law claims of gender discrimination and retaliation. We review an award of summary judgment de novo, construing the facts in the light most favorable to the non-moving party, and resolving all ambiguities and drawing all reasonable inferences against the movant. See Pucino v. Verizon Wireless Commc'ns, Inc., 618 F.3d 112, 117 (2d Cir. 2010). We assume familiarity with the facts and record of prior proceedings, referencing them only as necessary to explain our decision to affirm.

1.      Hostile Work Environment

Cristofaro faults the district court's finding that she failed to adduce evidence of gender-based acts sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment. In determining whether a work environment is hostile, we apply a standard with both an objective and subjective component, and we assess the totality of the circumstances, including: "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Pucino v. Verizon Wireless Commc'ns, Inc., 618 F.3d at 119 (internal quotation marks omitted); accord Petrosino v. Bell Atl., 385 F.3d 210, 221 (2d Cir. 2004).

2

In support of her hostile environment claim, Cristofaro points to evidence dating from 1999 and continuing through 2006 that Redman: (1) occasionally commented on Cristofaro's physical appearance; (2) participated in a bet with three other male employees as to when Redman would be able to engage Cristofaro in sexually explicit conversation; (3) once made a non-sexual sarcastic or derogatory remark to Cristofaro in front of a colleague; (4) beckoned to Cristofaro in the halls by yelling "hey," curling his finger in her direction, and engaging her in conversation unrelated to her work once a month for three-and-a-half years; (5) threw a piece of paper at Cristofaro in a faculty meeting; (6) lied about Cristofaro to a colleague; and (7) briefly made contact with the side of her body while standing next to her. See National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117 (2002) (holding that, as long as one sexually harassing act occurred within limitations period, factfinder may consider "the entire time period of the hostile environment" in determining liability); accord Petrosino v. Bell Atl., 385 F.3d at 220. At the same time, Cristofaro testified that Redman never touched her in a sexual or suggestive manner, and never asked her out or to engage in sexual acts with him.

This record is insufficient as a matter of law to permit a reasonable factfinder to identify a hostile work environment based on sex that altered Cristofaro's conditions of employment. Like the district court, we conclude that the record indicates only limited, infrequent, and at worst, mildly offensive conduct falling well short of the severity and frequency required to raise a triable issue of fact as to the existence of an objectively hostile

3

work environment. See Alfano v. Costello, 294 F.3d 365, 379–80 (2d Cir. 2002) (collecting cases).

Indeed, with the exception of Redman's comments about Cristofaro's physical appearance and the alleged bet, the conduct principally cited by Cristofaro was not based on sex. While facially neutral incidents may be considered "among the 'totality of the circumstances' . . . in any hostile work environment claim," there must be a "circumstantial or other basis for inferring that incidents sex-neutral on their face were in fact discriminatory." Id. at 378; see also Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80–81 (1998) (cautioning that Title VII does not establish a "general civility code" for the American workplace). Here, no reasonable jury could conclude from the totality of the circumstances that Cristofaro experienced an objectively hostile work environment based on sex sufficiently pervasive or severe to alter the conditions of her employment.

2.      Discrete Claims of Adverse Employment Actions

The district court dismissed certain of Cristofaro's discrete claims of sex-based adverse employment action as untimely insofar as they accrued more than 300 days prior to the filing of her first discrimination complaint. See McGullam v. Cedar Graphics, Inc., 609 F.3d 70, 75 (2d Cir. 2010) (noting that 42 U.S.C. § 2000e-5(e)(1) requires plaintiff to file discrimination complaint within 300 days of allegedly unlawful employment practice). Cristofaro does not challenge this ruling on appeal; rather, she maintains that evidence outside the statute of limitations was nevertheless admissible on her hostile work

4

environment claim.  We agree.  See National R.R. Passenger Corp. v. Morgan, 536 U.S. at 113.  Nevertheless, her hostile work environment claim fails for the reasons already stated.

With respect to the two discrete claims of discriminatory employment action that the district court found to be timely, the district court granted judgment in favor of defendant because there was no evidence that the actions resulted in a "materially adverse change" in employment, as required to demonstrate a prima facie claim of employment discrimination. See Sanders v. N.Y.C. Human Res. Admin., 361 F.3d 749, 755 (2d Cir. 2004) (internal quotation marks omitted).  On appeal, Cristofaro identifies no error in this determination, and thus, we do not address it.  See Cash v. Cnty. of Erie, 654 F.3d 324, 341 n.8 (2d Cir. 2011) (noting that issues not raised on appeal are generally deemed abandoned), cert. denied, 2012 WL 895977 (U.S. 2012).

3.    Retaliation

In the district court, Cristofaro argued that in retaliation for her filing a sexual harassment complaint with the New York State Division of Human Rights in November 2004, Redman denied her a position as an unpaid dance-team advisor three months later.[1] In granting defendants summary judgment on this claim, the district court relied on two grounds: (1) Redman's refusal to give Cristofaro the unpaid advisor position was de minimis

---

[1] To the extent Cristofaro claims that genuine issues of triable fact exist as to whether Redman retaliated against her in other ways and for other complaints of harassment, those arguments were not raised in the district court and are not preserved for appellate review. See Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1077 (2d Cir. 1993) (holding that party opposing summary judgment "must raise all arguments against such remedy in the trial court and may not raise them for the first time on appeal").

and insufficient to constitute adverse employment action, and (2) Cristofaro failed to adduce evidence from which a reasonable juror could conclude that Redman's refusal was causally related to Cristofaro's harassment complaint. On appeal, Cristofaro argues that Redman's refusal altered her conditions of employment by denying her a "promotion," Appellant's Br. at 47, and that a causal relationship may be inferred from the temporal proximity of the two actions. See Lovejoy-Wilson v. NOCO Motor Fuel, Inc., 263 F.3d 208, 224 (2d Cir. 2001).

We need not decide the causal-relationship challenge because, like the district court, we conclude that the alleged retaliation does not rise to the level of an adverse employment action. To establish retaliatory adverse employment action, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (internal quotation marks omitted). No reasonable employee would have been deterred from making or supporting a charge of discrimination based on Redman's refusal to give the employee an unpaid and effectively volunteer position as co-advisor to a student dance team. Other than being denied the opportunity to volunteer as the team advisor, none of the terms and conditions of Cristofaro's employment were altered by Redman's decision. Thus, summary judgment on Cristofaro's retaliation claim was properly awarded in favor of defendants.

6

4.      Conclusion

      We have considered Cristofaro's remaining arguments on appeal and conclude that they are without merit.  Accordingly, the judgment is AFFIRMED.

                    FOR THE COURT:
                    CATHERINE O'HAGAN WOLFE, Clerk of Court